UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| VERNON L. BOWSER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Nos. 2:12-CR-04 ) 2:15-CV-300 ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Vernon L. Bowser to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 538].[1] The United States has responded in opposition to petitioner's § 2255 motion, [Doc. 542]. Additionally, petitioner has filed a motion for leave to file a supplemental pleading to his § 2255 motion, [Doc. 566], which the United States also opposes, [Doc. 575]. For the reasons set out below, the petitioner's § 2255 motion lacks merit and will be **DISMISSED**. Further, petitioner's motion for leave to file a supplemental pleading to his § 2255 motion will be **DENIED AS MOOT**.

I. **Procedural and Factual Background**

On January 10, 2012, a federal grand jury returned an indictment charging petitioner and 19 other defendants with various crimes related to the manufacture and distribution of methamphetamine, [Doc. 3]. Bowser was charged in Count 1 with conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Count 2 with conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Count 7 with possessing

---

[1] All document references in this memorandum opinion are to the docket sheet in Case No. 2:12-CR-4.

equipment or materials for the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6), and Counts 23, 24, and 25 with aiding and abetting and maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, [*id*.]. Pursuant to a negotiated plea agreement, [Doc. 181], petitioner pleaded guilty to Count 1 of the indictment on July 31, 2012. Thereafter, the Court ordered the preparation of a presentence investigation report ("PSR"). In the PSR, the probation officer noted that the drug quantity to which petitioner had stipulated—206 grams of pseudoephedrine used to manufacture 103 grams of actual methamphetamine—established a base offense level of 32, [PSR at ¶ 30]. The petitioner was afforded a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29, [PSR at ¶¶ 37, 38, and 39]. With a criminal history category of three, petitioner's unrestricted advisory guideline range was 108 months to 135 months' imprisonment, [PSR at ¶ 78]. However, because the statutorily required minimum sentence of 240 months was greater than the applicable guideline range, the advisory guideline range was restricted to 240 months, [PSR at ¶ 78]. Prior to sentencing, the petitioner filed a notice to the Court indicating that he had no objections to the PSR, [Doc. 429]. The Court accepted the PSR as its findings in this case, and applied an advisory guideline range of 240 months, with a statutorily mandated minimum of 240 months and a maximum term of life, [Doc. 454 at PageID # 1416].

At sentencing, the petitioner advanced two separate constitutional arguments against the application of the minimum sentence mandated by statute in his case. First, the petitioner argued that the imposition of the mandatory minimum violated the separation of powers doctrine, *see* [Doc. 437 at PageID # 1340-41]. Secondly, the petitioner argued that a sentence of 20 years in his case constituted a violation of his Eighth Amendment rights, *see* [*id.* at PageID # 1341-45]. The Court rejected the petitioner's constitutional arguments, and sentenced the petitioner to 240

months' imprisonment followed by 10 years of supervised release, [Doc. 455]. The Court imposed the judgment on April 29, 2013, and the judgment was entered on May 13, 2013.

On May 13, 2013, the petitioner filed a notice of appeal from the final judgment. The United States moved to dismiss the petitioner's appeal as barred by a waiver provision contained in his plea agreement. On March 18, 2014, the Sixth Circuit granted the United States' motion and dismissed the petitioner's appeal, [Doc. 464]. On November 9, 2015, petitioner filed the instant § 2255 motion.

**II.     Standard of Review**

A court must vacate and set aside a petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255(b). Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loun v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255

because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**III. Analysis**

Petitioner advances four claims in his § 2255 motion: (1) the imposition of a 20-year mandatory minimum sentence violated his Eighth Amendment right against cruel and unusual punishment; (2) the imposition of a 20-year mandatory minimum sentence violated the separation of powers doctrine; (3) sentence disparities; and (4) ineffective assistance of counsel, [Doc. 538 at PageID #'s 1667-68 and 1670-71]. The government responds preliminarily that petitioner's § 2255 motion is untimely and must be dismissed on such basis. Additionally, the government advances substantive arguments to the merits of each individual claim. First, the Court must decide whether petitioner's § 2255 petitioner is timely filed.

28 U.S.C. § 2255 provides, in relevant part:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) The date on which the judgment of conviction became final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). This statute of limitations, however, is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he: (1) diligently has pursued his rights and (2) was prevented from timely filing the petition because an extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace v. DiGudlielmo*, 544 U.S. 408, 418 (2005). A court must decide whether to toll the statute on a case-by-case basis. *Cook v. Setgall*, 295 F.3d 517, 521 (6th Cir. 2002). Federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

There is no dispute that petitioner's § 2255 petition was filed well over a year after his judgment became final. The Sixth Circuit decided petitioner's appeal on March 18, 2014, [Doc. 464]. Petitioner did not file a petition for certiorari within the ninety-day period for doing so. *See*

5

28 U.S.C. § 2101(c). Therefore, petitioner's conviction became final on June 16, 2014. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that "for federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). Petitioner's motion to vacate pursuant to § 2255 was not filed until November 9, 2015, nearly a year and a half after the judgment became final. Upon finding that petitioner's motion was not timely filed under the statutory period of limitations, the Court will now consider whether equitable tolling is proper in this case.

Petitioner requests the Court to "[p]oll [sic] statue [sic] of Liberation [sic]" in light of his "[i]nability to get information due to being incarcerated." [Doc. 538 at PageID # 1675]. This is the extent of petitioner's argument on equitable tolling. The government argues that petitioner has not met his burden of showing that he has diligently pursued his rights and that some extraordinary circumstance stood in his was preventing his timely filing. The Court agrees with the government that equitable tolling is not warranted in this case.

Initially, petitioner cannot demonstrate that he was diligently pursuing his rights in his federal case. On May 13, 2013, petitioner filed a notice of appeal to the Sixth Circuit from the final judgment, and on March 18, 2014, the Sixth Circuit ordered his appeal be dismissed in accordance with the appeal waiver in his plea agreement, [Doc. 464]. After the entry of the Sixth Circuit's order on March 18, 2014, petitioner's case was completely stagnant with no post-judgment activity until the instant § 2255 motion was filed on November 9, 2015. Petitioner advances no argument whatsoever indicating how he has been diligently pursuing his federal rights in the interim. Indeed, the letter attached to his § 2255 motion from his attorney which claims to include an application for § 2255 relief is dated May 1, 2014, indicating that petitioner was likely

aware before the date his conviction became final of the next step in his post-conviction proceedings. Nevertheless, petitioner has made no mention of his diligence in pursuing his rights in this case.

Additionally, petitioner cannot demonstrate that he was prevented from timely filing his motion because an extraordinary circumstance stood in his way. The only argument petitioner advances on this point is that he was unable to get information due to his incarceration. But the burden of proceeding with a § 2255 motion while incarcerated is common to nearly all § 2255 filers. This Court declines to recognize incarceration as an "extraordinary circumstance" which stands in the way of filing a § 2255 motion on time. Indeed, the Sixth Circuit has previously held more burdensome circumstances as insufficient to justify equitable tolling. *See Hall v. Warden, Lebanon Corr'al Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (finding circumstances of an incarcerated *pro se* petitioner without access to trial transcript and with limited law-library access as insufficient to warrant equitable tolling). Petitioner has not demonstrated that he experienced an extraordinary circumstance which stood in his way to filing his § 2255 motion on time.

Therefore, the Court finds that petitioner has failed to establish that he diligently pursued his rights in this case and that an extraordinary circumstance stood in his way, preventing a timely filing. Thus, petitioner has failed to demonstrate that he is entitled to equitable tolling, without which, renders his § 2255 motion untimely. Accordingly, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 538], is **DISMISSED**. As any additional claims for relief contained in Petitioner's motion for leave to file a supplemental pleading to his § 2255 motion, [Doc. 566], would necessarily be untimely as well, this motion is **DENIED** as **MOOT**.

The Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves his otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate judgment will enter.

ENTER:

                                                   s/J. RONNIE GREER
                                               UNITED STATES DISTRICT JUDGE